FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUL 21 2005   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

NAOMI ROSENBERG and HARVEY
ROSENBERG,

MEMORANDUM AND ORDER

Plaintiffs,

CV 03-6452

-against-

(Wexler, J.)

BEKINS VAN LINES COMPANY,

Defendant.

------------------------------------------------------X

APPEARANCES:

> BARATTA & GOLDSTEIN
> BY: HOWARD J. GOLDSTEIN, ESQ.
> Attorneys for Plaintiffs
> 397 Fifth Avenue
> New York, New York 10017

> KENNETH M. PIKEN AND ASSOCIATES
> BY: KENNETH M. PIKEN, ESQ.
> Attorneys for Defendant
> 333 Jericho Turnpike
> Jericho, New York 11753

WEXLER, District Judge

   Jury selection in this matter was held on June 20, 2005. On June 27, 2005, the day before

trial was scheduled to commence, Plaintiffs' counsel informed the court and defense counsel that

Plaintiffs' expert was unavailable to testify and therefore Plaintiffs could no go forward with

trial. In view of the facts that a jury had been selected and was required to be disbanded and

defense counsel was fully prepared to go forward with the trial, the court granted Plaintiffs' request to adjourn the trial, but ordered Plaintiffs to pay $4,000 in attorneys' fees to defense counsel. That sanction was ordered to be paid prior to the second jury selection, which was set for July 18 or 19, 2005. The court held that in the event that the sanction was not paid, jury selection would not go forward and the case would be dismissed. The court further ordered that Plaintiff make any new expert available for deposition on certain dates and held that Plaintiff must submit a report, signed by the expert, two days before any such deposition.

On July 15, 2005, the Friday before the second scheduled jury selection, Plaintiffs' counsel again informed defense counsel and the court that Plaintiffs could not proceed because he was not able to engage an expert witness. A conference was held on July 19, 2005, during which Plaintiff made a application to dismiss this action without prejudice to commencing a new action when, and if, he could secure an appropriate expert witness. Defendant opposed the application and held that counsels' actions warranted dismissal with prejudice.

Upon consideration of the foregoing facts and oral argument held on July 19, 2005, the court holds that Plaintiffs' request to discontinue this action without prejudice is granted, upon the following conditions. Plaintiff is granted four months in which to commence a new action. Prior to commencing that action, Plaintiffs must pay to defense counsel the previously imposed sanction of $4,000 and an additional sanction, also payable to defense counsel, of $15,000. Any new action is to be commenced before this court.

In the event that Plaintiffs take no action within four months of the date of this order, this case will be dismissed with prejudice. In that event, the $15,000 sanction will not be required to

be paid, but the $4,000 sanction imposed on June 27, 2005, remains payable to defense counsel.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
July 21, 2005