UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X

NAOMI ROSENBERG and HARVEY
ROSENBERG,

MEMORANDUM AND ORDER

Plaintiffs,

CV 03-6452

-against-

(Wexler, J.)

BEKINS VAN LINES COMPANY,

Defendant.

-----------------------------------------------------X

APPEARANCES:

> BARATTA & GOLDSTEIN
> BY: HOWARD J. GOLDSTEIN, ESQ.
> Attorneys for Plaintiffs
> 597 Fifth Avenue
> New York, New York 10017

> KENNETH M. PIKEN AND ASSOCIATES
> BY: KENNETH M. PIKEN, ESQ.
> Attorneys for Defendant
> 333 Jericho Turnpike
> Jericho, New York 11753

WEXLER, District Judge

This case was set to be tried on June 28, 2005. The day before trial was scheduled to commence, Plaintiffs' counsel informed the court and defense counsel that Plaintiffs' expert was unavailable to testify and therefore Plaintiffs could no go forward with trial. In view of the facts that a jury had been selected and was required to be disbanded, and defense counsel was fully prepared to go forward with the trial, the court granted Plaintiffs' request to adjourn the trial, but

1

ordered Plaintiffs to pay $4,000 in attorneys' fees to defense counsel. That sanction was ordered to be paid prior to the second jury selection, which was set for July 18 or 19, 2005. The court held that in the event that the sanction was not paid, jury selection would not go forward and the case would be dismissed. The court further ordered that Plaintiff make any new expert available for deposition on certain dates and held that Plaintiff must submit a report, signed by the expert, two days before any such deposition.

On July 15, 2005, the Friday before the second scheduled jury selection, Plaintiffs' counsel again informed defense counsel and the court that Plaintiffs could not proceed because he was not able to engage an expert witness. A conference was held on July 19, 2005, during which Plaintiff made a application to dismiss this action without prejudice to commencing a new action when, and if, he could secure an appropriate expert witness. Defendant opposed the application and held that counsels' actions warranted dismissal with prejudice.

In a memorandum and order dated July 21, 2005 (the "July 21 Order") this court granted Plaintiffs' request to discontinue this action without prejudice upon the following conditions. Plaintiffs were granted four months from the date of the order in which to commence a new action. Prior to commencing that action, Plaintiffs were ordered to pay to defense counsel the previously imposed sanction of $4,000 and an additional sanction, also payable to defense counsel, of $15,000. It was further held that in the event Plaintiffs took no action within four months of the date of the July 21 Order, this case would be dismissed with prejudice. In that event, the $15,000 sanction was not required to be paid, but the $4,000 sanction imposed on June 27, 2005, would remain payable to defense counsel.

More than four months have passed since the July 21 Order and Plaintiffs have taken no

action. Defense counsel has submitted a proposed order dismissing this case with prejudice and ordering payment of the $4,000 sanction. Plaintiff's counsel has objected to the proposed order on the ground that it specifies that the sanction be paid, not by Plaintiffs, but by their counsel. According to Plaintiff's counsel, the sanction was to be paid by Plaintiffs and not by his law firm. Plaintiffs' counsel refers to the submission of the order as frivolous and suggests that defense counsel should be required to pay $4,000 to him.

Upon review of the July 21 Order, the court holds that the case must be dismissed with prejudice and that the $4,000 sanction is to be paid by Plaintiffs (and not their counsel) to defense counsel. The court notes that the July 21 order states specifically that the sanction was to be paid to "defense counsel," as opposed to the defendant in this case. When discussing the payment of the sanction, however, the court referred only to payment by "Plaintiffs," and not to "Plaintiffs' counsel." The request that any sanction be paid by defense counsel to plaintiffs' counsel is denied.

## CONCLUSION

The Clerk of the Court is directed to close this case with prejudice. The Clerk shall further enter a judgment against Plaintiffs in the amount of $4,000 to be paid to Kenneth M. Piken and Associates.

SO ORDERED.

_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
February 15, 2006

3